IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA SWEENEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-876 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ALLY BANK CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's Motion to Remand (Doc. 5) will be denied, with instructions.

In this diversity-case, Plaintiff disputes that the amount in controversy exceeds $75,000. In this context, information regarding the putative value of Plaintiff's claims is not restricted to the allegations in the Complaint. *See* Harris v. Abbott Acquisition Co., 2017 WL 3608138, *6 (W.D. Pa. Aug. 22, 2017) (holding same). Defendant's Response details several potential categories of damages, consistent with the Complaint, that (combined) easily could surpass the threshold dollar amount. *See* Doc. 8 at 11 (potential recovery may include statutory damages for an alleged breach of the peace; damages for trespass to real property that occurred during repossession; statutory damages of up to $26,700 for collection; three times the amount of the costs and attorneys' fees incurred by Plaintiff in responding to a Florida collection action; and attorneys' fees incurred to prosecute Plaintiff's claims in this case). Under the circumstances, Plaintiff's Motion to Remand (**Doc. 5**) should be, and is, **DENIED**; as is her request for an award of costs and fees associated with the Motion to Remand.

A matter warranting further consideration, however, is Plaintiff's indication of her willingness to stipulate that the amount in controversy is less than $75,000.00. *See* Doc. 5 at ¶ 5.

This Court has, on more than one occasion, remanded cases where a plaintiff's stipulation clarifies (rather than amends) the pleadings to confirm that he or she does not seek, and will not accept, judgment in excess of the statutory minimum.  *See, e.g.*, Doc. 5 in Civil Action No. 2:17-1210; Doc. 16 in Civil Action No. 2:13-104; *see also, e.g.*, Brewer v. Geico, 2014 WL 241756, *5 n.3 (W.D. Pa. Jan. 22, 2014) (recognizing permissibility of the same); Rosado v. Encompass Ins. Co., 2010 WL 2431829, *2 (E.D. Pa. Jun. 10, 2010) (same).

Here, the Complaint certainly is ambiguous regarding the measure of damages requested; and this case is of-the-type where a clarifying stipulation is permissible.  While oftentimes the Court has seen such stipulations signed by both sides, there is nothing in the law, from the undersigned's perspective, requiring Defendant's assent.

Accordingly, Plaintiff will be afforded a period of one week, until **February 24, 2021**, to file a stipulation (or affidavit) indicating that she does not seek, and will not accept, recovery in excess of $75,000.00.  If a compliant stipulation/affidavit is timely filed, this case will be remanded forthwith.  If not, the case will proceed here, and the Court will enter an order setting an initial case management conference.

IT IS SO ORDERED.


February 17, 2021                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record